UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVELYN D. LEWIS,

                Plaintiff,

v.                                  CASE NO.: 8:07-CV-737-T-MAP

MICHAEL J. ASTRUE
Commissioner of
Social Security

                Defendant.

_____/

## ORDER

Plaintiff seeks judicial review of the Commissioner's decision denying her claims for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1]  Plaintiff argues that substantial evidence did not support the Administrative Law Judge's ("ALJ") finding that Plaintiff had a residual functional capacity ("RFC") to perform light work.  After reviewing the record, I find the ALJ's decision is supported by substantial evidence.  Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

*A.  Background*

Plaintiff was forty-two years old at the time of her administrative hearing on August 21, 2006.  She has a ninth grade education and her past work experience includes work as a fast food worker, bus attendant and housekeeper.  Plaintiff alleges disability due to lower limb fracture.

Plaintiff filed for DIB and SSI on February 25, 2005, alleging a disability onset date of February 25, 2005.  The Commissioner denied her claims both initially and on reconsideration.

_____

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 16).

Plaintiff then requested an administrative hearing.  Per her request, the ALJ held a hearing on

August 21, 2006.  After the administrative hearing, the ALJ issued a written opinion denying

Plaintiff's claim.  In his opinion, the ALJ concluded that Plaintiff did not have an impairment or

combination of impairments that met or medically equaled one of the listed impairments in 20

CFR Part 404, Subpart P, Appendix 1.  Additionally, the ALJ found that Plaintiff had an RFC to

lift and/or carry 20 pounds occasionally and 10 pounds frequently and to sit, stand and/or walk

for six hours in an eight-hour workday.   Further, the ALJ found that Plaintiff had postural

limitations for occasionally climbing, balancing, stooping, kneeling, crouching and crawling and

that Plaintiff should avoid concentrated exposure to hazards and machineries.  Finally, the ALJ

found Plaintiff's testimony regarding the intensity, persistence and limiting effects of her

symptoms not entirely credible.  Plaintiff has exhausted her administrative remedies and filed

suit in federal district court.  This case is now ripe for review pursuant to 42 U.S.C. §§ 405(g)

and 1383(c)(3).

### B. Standard of Review

To be entitled to benefits, a claimant must be unable to engage in any substantial gainful

activity by reason of a medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is

an impairment that results from anatomical, physiological, or psychological abnormalities, which

are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42

U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process,

promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services.*, 21 F.3d 1064, 1066 (11th Cir. 1994).  The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper

3

legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

    *C.  Discussion*

        *1.  medical opinions*

   Ordinarily, the testimony of a treating physician must be afforded substantial or considerable weight unless good cause is shown to the contrary.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  Here, Plaintiff did not offer testimony or other evidence from a treating physician that would substantiate her claims.  Rather, Plaintiff offered evidence from multiple physicians who had seen her sporadically over the course of four years.

   Initially, Plaintiff underwent treatment with Dr. Paul Dowdy, who also performed the surgery to repair Plaintiff's fractured ankle.  (R. 125-126).  Her post-surgery treatment with Dr. Dowdy lasted from October, 2002, through March, 2003.  (R. 129-136).  At the end of her treatment, Dr. Dowdy noted that Plaintiff had mild swelling but that X-rays showed her fracture to be reduced anatomically with no evidence of other complications.  (R. 129).  Subsequent to her treatment with Dr. Dowdy, Plaintiff sought intermittent treatment from Dr. Gabriel Delgado for the period from November, 2003, through February, 2005.  (R. 137-140).  In September, 2004, Dr. Delgado opined that Plaintiff may benefit from ankle arthroscopy but qualified that statement by noting that he did not have the proper experience to improve her condition and recommended she obtain a second opinion.  (R. 138).  In both November, 2003, and September, 2004, Dr. Delgado noted that Plaintiff had no history of medication, indicating she did not take any medication for her alleged pain at that time.  (R. 138, 139).  When Plaintiff finally decided to obtain medication for her alleged pain in February, 2005, Dr. Delgado explained to Plaintiff that

she was no longer under his care, a fact which he had already explained to Plaintiff's attorney. (R. 137).

Plaintiff next sought a one-time consultative examination with Dr. Edwin Lamm in May, 2005. (R. 141-143). Dr. Lamm noted that Plaintiff took only Aleve and Tylenol for her pain and that, while Plaintiff had fixation of the right ankle with a limited range of motion, she did not have any joint deformities or joint swelling. (R. 142). Subsequently, in September, 2005, a state agency medical consultant, Dr. Tom Peele, reviewed the medical evidence of record and determined that Plaintiff retained the ability to perform light work activity as defined in 20 C.F.R. § 404.1567(b). (R. 144-151). Following that determination, Dr. Michael Smith examined Plaintiff in January, 2006, and noted that she would "benefit from arthroscopic and/or open debridement of the ankle joint to improve her condition." (R. 159). Dr. Smith also recommended and demonstrated exercises to help Plaintiff improve her range of motion and break up fibrous adhesions. In addition, he gave Plaintiff a fracture boot which helped her ambulate better than with the single crutch she had used previously. (Id.).

Next, Plaintiff sought treatment from Dr. Sukumar Mathan in February and March, 2006. In her February examination, Plaintiff did not have any complaints relating to her ankle. (R. 162-163). In fact, Dr. Mathan noted that Plaintiff had a full range of motion and normal muscle tone without any atrophy or abnormal movements in her musculoskeletal system. (R. 163). In her March examination with Dr. Mathan, Plaintiff only complained of some tingling in her right foot. (R. 160). Dr. Mathan did note that Plaintiff used Cyclobenzaprine, a muscle relaxer, and tramadol, a pain reliever, during both the February and March examinations. (R. 160, 162). Finally, in June, 2006, Dr. Kulmeet Kundlas examined Plaintiff who complained of foot pain.

5

After inspecting Plaintiff's foot, Dr. Kundlas noted a normal range of motion as well as no evidence of edema, deformity, abrasion or laceration.  (R. 169).  Dr. Kundlas determined that Plaintiff suffered from foot pain so prescribed her Naprosen.  (Id.).

Plaintiff now contends that the ALJ erroneously rejected the opinion of the non-treating consultative physician, Dr. Lamm, because the ALJ did not specify with which evidence Dr. Lamm's opinion conflicted.  Additionally, Plaintiff contends that the opinion of the state agency medical consultant, Dr. Peele, cannot provide the substantial evidence necessary for finding a light RFC.

When considering medical opinions, the following factors apply for determining the weight to give to any medical opinion: (1) the frequency of examination and the length, nature, and extent of the treatment relationship; (2) the evidence in support of the opinion, i.e., "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight" that opinion is given; (3) the opinion's consistency with the record as a whole; (4) whether the opinion is from a specialist; if it is, it will be accorded greater weight; and (5) other relevant but unspecified factors. 20 C.F.R. § 404.1527(d).  In general, the opinion of a physician who has examined a claimant receives more weight than the opinion of a physician who has not examined the claimant.  20 C.F.R. § 404.1527(d)(1).  However, an ALJ may reject the opinion of any physician when the evidence, as a whole, supports a contrary conclusion.  *Bloodsworth*, 703 F.2d at 1240 (citing *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981)).

Accordingly, the ALJ rejected the opinion of Dr. Lamm because he found Dr. Lamm's opinion inconsistent with the medical evidence of record taken as a whole.  (R.20).  Moreover,

Dr. Lamm's opinion did not receive great deference because one-time examiners do not receive the same amount of deference as treating physicians. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Dr. Lamm met with Plaintiff only once for a consultative examination and concluded that Plaintiff had "some reason to avoid prolonged standing and walking due to the old fracture of her ankle." (R. 142). In his opinion, Dr. Lamm stated that Plaintiff could not stand for more than approximately one hour before experiencing pain in her ankle. (R. 141). However, he further noted that Plaintiff used only Aleve and Tylenol for pain and Plaintiff walked in without the use of assistive devices. (Id.). Dr. Lamm's opinion conflicts with the medical evidence of record as a whole and does not warrant a finding of disability nor weighs against a determination of Plaintiff's ability to perform work within the parameters of a light RFC. Therefore, the ALJ correctly chose to afford little weight to Dr. Lamm's opinion.

In contrast, the ALJ afforded great weight to the opinion of the state agency medical consultant, Dr. Peele, because he found the opinion consistent with the medical evidence of record. (R. 21). Dr. Peele made his assessment that Plaintiff retained the RFC for light work after reviewing all of the evidence of record. Despite that, Plaintiff contends that the opinion of a non-examining physician such as Dr. Peele should receive little weight and, taken alone, does not constitute substantial evidence to support the ALJ's decision. *See Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). However, in this instance, the ALJ did not base his determination solely on the opinion of Dr. Peele. Rather, the ALJ based his determination on all of the evidence of record and afforded great weight to Dr. Peele's opinion due to the fact that the ALJ found the opinion consistent with the medical evidence of record. As detailed above, Plaintiff experienced intermittent pain and swelling throughout the course of four years and eventually

7

received pain medication and a fracture boot to assist her.  In her most recent examinations, she merely complained of tingling and foot pain.  (R. 160, 169).  Thus, Dr. Peele's opinion finds ample support in the medical evidence of record.

Either way, the ALJ could not simply disregard Dr. Peele's opinion because, in accordance with Social Security Ruling 96-6p[2], the ALJ must not ignore the state agency medical consultant's opinion and must explain the weight given to the opinion in his or her decision. Further, since state agency physicians are considered experts in the Social Security disability programs, the ALJ could afford great weight to Dr. Peele's opinion insofar as the medical evidence of record supported that opinion.  *See* Social Security Ruling 96-6p.  Here, the ALJ addressed the opinion of Dr. Peele and explained his rationale for assigning great weight to that opinion.  Since Dr. Peele's opinion found support in the medical evidence of record, the ALJ correctly gave great weight to Dr. Peele's opinion.

### *2. credibility finding*

Plaintiff next contends that the only other reason for the ALJ's determination that Plaintiff could perform the walking and standing necessary for a finding of a light RFC was the ALJ's credibility finding.  In social security disability cases, credibility determinations fall within the province of the ALJ.  *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).  The ALJ may discredit Plaintiff's subjective complaints of pain but must provide specific reasons for his credibility finding.  *Holt v. Sullivan*, 921 F.2d 1221,1223 (11th Cir. 1991); Social Security Ruling 96-7p.  In the instant action, the ALJ considered and gave great weight to the Plaintiff's

---

[2]  Social Security Rulings, which the administration issues to clarify regulations and policy, are binding upon all components of the Social Security Administration.  *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990).

8

subjective complaints, symptoms and limitations. (R. 20). Even so, he concluded that Plaintiff's allegations and subjective symptoms appeared out of proportion and inconsistent with the medical evidence and thus were not fully credible. (R. 20).

In reaching that conclusion, the ALJ noted that Plaintiff engaged in activities such as showering, dressing, shopping, driving, washing dishes and doing housework. (R. 20, 199, 201). The ALJ determined that Plaintiff's activities did not comport with her allegations of incapacitating limitations. (R. 20). For instance, at the administrative hearing, Plaintiff stated that she could stand for only about two to three minutes before she had to sit back down. (R. 199). Further, Plaintiff stated that, on a scale of one to 10, her pain would typically register a 10 on an average day. (R. 197). While Plaintiff did visit the emergency room twice in a four-year time span for her ankle pain, a person experiencing pain registering a 10 on a daily basis would not have the capacity to engage in the activities which Plaintiff admitted to at the hearing. (R. 199, 201).

Further credibility issues arose regarding discrepancies in Plaintiff's testimony. (R. 20). A glaring example occurred when Plaintiff's own representative asked Plaintiff how long she could sit before she felt "the need to stand up and move around". (R. 200). Plaintiff stated that she could sit for only about five minutes because her foot would start aching. (Id.). When her representative pointed out that the administrative hearing had convened more than five minutes before, she recanted her prior statement stating that she could sit for approximately 30 minutes. (Id.). Based upon the foregoing, the ALJ determined that Plaintiff was not entirely credible and thus discounted her subjective allegations of pain and resulting limitations.

*D. Conclusion*

After consideration, I find that the ALJ's decision is supported by substantial evidence.

Accordingly, it is hereby

ORDERED:

1.      Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

2.      The Clerk is directed to enter judgment for the Commissioner and close the case.

DONE and ORDERED at Tampa, Florida on April 21, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record